UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MACRINA FLORES | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. |
| | § | |
| WAL-MART STORES TEXAS, LLC | § | DEFENDANT DEMANDS A JURY |

## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendant WAL-MART STORES TEXAS, LLC ("Walmart"), files this Notice of Removal, pursuant to 28 U.S.C. §§ 1441 and 1446, removing the above-captioned case from the 133rd Judicial District Court, Harris County, Texas, to the United States District Court for the Southern District of Texas, Houston Division.

## I.
## RELEVANT FACTS

1.  Plaintiffs claim that on December 7, 2017, she slipped and fell on a hanger located on the floor of a Walmart store in Humble, Texas. *See* Pls.' Orig. Pet. [Ex. A] at ¶ 7. Plaintiff's lawsuit expressly alleges that she is seeking damages between $200,000.00 and $1,000,000.00. *See id.* at ¶ 1.

2.  Plaintiff served Walmart with their Original Petition on May 9, 2019.

## II.
## THE PARTIES

3.  Plaintiff contends that she is a resident of the country of Mexico. *See* Ex. A at ¶ 2. As such, Plaintiff is a foreign citizen of Mexico.

4.  Defendant Wal-Mart Stores Texas, LLC is a Delaware limited liability company, and is an indirectly, wholly-owned subsidiary of Walmart Inc. The sole member of Wal-Mart

Stores Texas, L.L.C. is Wal-Mart Real Estate Business Trust. The sole unit holder of Wal-Mart Real Estate Business Trust is Wal-Mart Property Co., which is a wholly owned subsidiary of Wal-Mart Stores East, L.P. Wal-Mart Stores East, L.P. is a Delaware limited partnership, of which WSE Management, L.L.C. is the general partner and WSE Investment, L.L.C. is the limited partner. The sole member of WSE Management, L.L.C. and WSE Investment, L.L.C. is Wal-Mart Stores East, L.L.C. (f/k/a Wal-Mart Stores East, Inc.), whose parent company is Walmart Inc. The principal place of business of Wal-Mart Stores Texas, L.L.C. is Bentonville, Arkansas. Walmart Inc. is a Delaware corporation with its principal place of business in Arkansas. Consequently, Walmart is a citizen of the States of Arkansas and Delaware.

## III.
## BASIS FOR REMOVAL

5. Walmart removes this case to federal court because there is complete diversity of citizenship between the parties and the amount in controversy is greater than $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

**A. There is complete diversity of citizenship.**

6. There is complete diversity of citizenship, *see* 28 U.S.C. §§ 1332, 1441, between Plaintiff, a citizen of Mexico, and Walmart, which is a citizen of Delaware and Arkansas.

**B. The amount in controversy requirement is met.**

7. A removing party may establish that the amount in controversy exceeds $75,000 by showing the non-removing party explicitly sought damages over $75,000. *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 881 (5th Cir. 2000). Here, Plaintiff's lawsuit expressly seeks monetary relief over $75,000.00, claiming the amount in controversy is between $200,000.00 and $1,000,000.00. *See* Ex. A at ¶ 1.

### C. This removal is timely and venue is proper.

8. This Notice of Removal is being filed within 30 days of service of Plaintiff's lawsuit on Walmart, and within one year of the commencement of this action. It is therefore timely. Venue is proper in this District under 28 U.S.C. § 1441(a) because the state court where the action is pending is in this District.

### D. Procedural requirements for removal are satisfied

9. Upon filing of this Notice of Removal of the cause, Walmart gave written notice of the filing to Plaintiff and her counsel as required by law. A copy of this Notice is also being filed with the Clerk of the Court of the 133rd Judicial District Court, Harris County, Texas, where this cause was originally filed. A copy of all processes, pleadings, and orders has been filed separately with this Court pursuant to 28 U.S.C. § 1446(a).

## IV.
## CONCLUSION AND PRAYER

10. Based on the foregoing, Walmart has established that the amount in controversy exceeds $75,000.00 and that diversity of citizenship exists between the parties in this case. Therefore, removal is proper in this case.

[Signature on Next Page]

Respectfully submitted,

**BUSH & RAMIREZ, PLLC**

*/s/ John A. Ramirez*
John A. Ramirez
State Bar No. 00798450
Federal ID No. 21280
Neal A. Hoffman
State Bar No. 24069936
Federal ID No. 1048603
5615 Kirby Drive, Suite 900
Houston, Texas 77005
Telephone: (713) 626-1555
Facsimile:  (713) 622-8077
jramirez.atty@bushramirez.com
nhoffman.atty@bushramirez.com

**ATTORNEYS FOR DEFENDANT,
WAL-MART STORES TEXAS, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing instrument has been sent to all interested counsel of record in accordance with the TEXAS RULES OF CIVIL PROCEDURE on this 6th day of June 2019.

Husein Hadi
7100 Regency Square Blvd., Suite 140
Houston, Texas 77036

*/s/ John A. Ramirez*
John A. Ramirez