5/4/2019 3:06 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 3330/649
By: Miaeda Hutchinson
Filed: 5/6/2019 12:00 AM

**2019-31371 / Court: 133**

NO. _____

| | | |
|---|---|---|
| **MACRINA FLORES** § | | IN THE DISTRICT COURT |
| Plaintiff, § | | |
| § | | |
| § | | |
| V. § | | \_\_\_\_ JUDICIAL DISTRICT |
| § | | |
| § | | |
| **WAL-MART STORES TEXAS, LLC** § | | |
| Defendant. § | | HARRIS COUNTY, TEXAS |

**PLAINTIFF'S ORIGINAL PETITION WITH REQUEST FOR DISCLOSURES**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, Macrina Flores, hereinafter called Plaintiff, complaining of and about Wal-Mart Stores Texas, LLC hereinafter called Defendant, and for cause of action show unto the Court the following:

**DISCOVERY CONTROL PLAN LEVEL**

1. Plaintiff affirmatively pleads that she seeks monetary relief of $200,000.00 to $1,000,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest and attorney fees and intends that discovery be conducted under Discovery Level 2.

**PARTIES AND SERVICE**

2. Plaintiff, Macrina Flores, is an individual who resides in Mexico.

3. Defendant WAL-MART STORES TEXAS, LLC, a Corporation based in Texas, is organized under the laws of the State of Texas, and service of process on the Defendant may be effected pursuant to article 2.11(A) of the Texas Business Corporation Act, or its successor statute, sections 5.201 and 5.255 of the Texas Business Organizations Code, by serving the registered agent of the corporation, CT Corporation System, at CT Corporation System, at 1999 Bryan St., Suite 900, Dallas, Texas 75201, its registered office. Service of said Defendant as

1



described above can be effected by personal delivery.

## JURISDICTION AND VENUE

4. The subject matter in controversy is within the jurisdictional limits of this court.

5. This court has jurisdiction over the parties because Defendant is a Texas corporation.

6. Venue in Harris County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## FACTS

7. On or about December 7, 2017, Plaintiff was shopping on the premises of the Defendant when she slipped and fell on a plastic hanger on the ground. As a result of the accident, Plaintiff sustained serious personal injuries for which she had to seek the care of medical professionals.

## LIABILITY OF DEFENDANT WAL-MART STORES TEXAS, LLC

8. At the time and on the occasion in question, Wal-Mart Stores Texas, LLC, occupied, controlled, leased, managed, operated, and/or owned Wal-Mart Stores Texas, LLC, located at 9235 North Sam Houston Parkway East, Humble, Texas 77396. Defendant and its employees failed to use ordinary care by various acts of omissions and/or commissions, including but not limited to the following, each of which singularly or in combination, was a proximate cause of the incident in question:

    A. In failing to monitor the condition of the floor in the store;

    B. In failing to promptly clean up floor;

    C. In failing to properly train its employees;

2

        D.     In failing to store materials and maintain merchandise in a manner to avoid harm to customers;

        E.     In failing to warn others that a dangerous condition existed; and

        F.     In creating a hazard to others.

9.     Such negligence, either singularly or in combination, proximately caused Plaintiff's injuries and resulting damages.

10.     Nothing Plaintiff did or failed to do was a proximate or contributing cause of the incident made the basis of this suit.

## PLAINTIFF'S CLAIM OF NEGLIGENCE AGAINST WAL-MART STORES TEXAS, LLC

11.     Plaintiff incorporates all preceding paragraphs by reference as if set forth in full herein.

12.     Defendant had a duty to Plaintiff because it owns and controls the store at which the accident took place.

13.     Defendant failed to act in accordance with the appropriate standard of care causing Plaintiff, in invitee, to suffer physical and emotional injuries. Defendant knew or reasonably should have known of the danger presented when display items are left on the ground in areas designed for customers to shop. Defendant breached its duty by failing to warn Plaintiff of the condition and failing to make the premises reasonably safe.

14.     All of the foregoing acts and omissions on the part of the Defendant constitute a direct and proximate cause of the injuries suffered and damages incurred by Plaintiff.

## PREMISES LIABILTY

15.     Plaintiff Macrina Flores was an invitee on the premises in question occupied,

3

controlled, leased, managed, operated, and/or owned by Defendant. Defendant knew, or in the exercise of ordinary care, should have known of an unreasonable dangerous condition existing on the floor, which posed an unreasonable risk or harm to visitors, including Plaintiff, Macrina Flores, but failed to inspect and make safe or adequately warn her of the condition.

16. In the alternative, Plaintiff would show that she was a licensee on the premises in question occupied, controlled, leased, managed, operated, and/or owned by Defendant. Defendant knew of an unreasonable dangerous condition existing on the floor, which posed an unreasonable risk of harm to the general public, including Plaintiff Macrina Flores, but failed to make safe or adequately warn her of the condition. Plaintiff was without knowledge of the dangerous condition of the premises prior to the incident in question.

## PROXIMATE CAUSE

17. Each and every, all and singular of the foregoing acts and omissions, on the part of Defendant, taken separately and/or collectively, constitute a direct and proximate cause of the injuries and damages set forth below.

## DAMAGES FOR PLAINTIFF, MACRINA FLORES

18. As a direct and proximate result of the occurrence made the basis of this lawsuit, and Defendant's acts as described herein, Plaintiff Macrina Flores was caused to suffer personal injuries more fully set forth below.

19. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, Macrina Flores has incurred the following damages:

   a. The physical pain and mental anguish sustained from the date of incident to the time of verdict herein;

   b. The physical pain and mental anguish which, in reasonable medical probability, will be suffered after the date of verdict herein;

4

    c. The loss of earnings, or loss of earning capacity, sustained from the date of incident to the time of verdict herein;

    d. The reasonable and necessary costs of medical care and treatment, including doctors, hospitals, nurses, medicines, and other services and supplies from the date of the collision to the time of verdict herein;

    e. The reasonable and necessary costs of medical care and treatment, including doctors, hospitals, nurses, medicines, and other services and supplies, which, in reasonable probability will be incurred in the future after the date of verdict herein;

    f. Physical impairment which has been sustained, resulting in lessened use and/or movement of various parts of Plaintiff's body from the date of the incident to the date of verdict herein;

    g. The physical impairment which, in reasonable probability, will be sustained to various parts of Plaintiff's body, resulting in lessened use and/or movement of same in the future after the date of verdict herein;

    h. Physical disfigurement which has been sustained, resulting in lessened use and/or movement of various parts of Plaintiff's body from the date of the incident to the date of verdict herein; and

    i. The physical disfigurement which, in reasonable probability, will be sustained to various parts of Plaintiff's body, resulting in lessened use and/or movement of same in the future after the date of verdict herein.

20. By reason of the above, Plaintiff, Macrina Flores has suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought.

## REQUEST FOR DISCLOSURE

21. Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiffs request that each and every Defendant disclose, within fifty (50) days of service of this request, the information and material described in Rule 194.2(a) through (l).

## PRESERVING EVIDENCE

22. Plaintiff hereby requests and demand that Defendant preserves and maintains all

5

evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit or the damages resulting there from, including statements, photographs, videotapes, audiotapes, surveillance or security tapes or information, business or medical records, incident reports, tenant files, periodic reports, financial statements, bills, telephone call slips or records, estimates, invoices, checks, measurements, correspondence, facsimiles, email, voice mail, text messages, and evidence involving the incident in question, and any electronic image or information related to the referenced incident or damages. Failure to maintain such items will constitute "spoliation" of the evidence.

## NOTICE OF USE

23. Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Defendant is hereby notified that Plaintiff intends to use all documents produced by Defendant in response to written discovery in pretrial proceedings and trial. Defendant is required to assert any objection to the authenticity of any document Defendant produces within ten days of its production.

## DESIGNATED E-SERVICE EMAIL ADDRESS

24. The following is the undersigned attorney's designated e-Service email address for all e- served documents and notices, filed and unfiled, pursuant to Tex. R. Civ. P. 21(f)(2) & 21a: Litigation@TheHadiLawFirm.com. This is the undersigned's only e-Service email address, and service through any other email address will be considered invalid.

## REQUEST FOR DEPOSITION DATES

25. Pursuant to Rule 199 of the Texas Rules of Civil Procedure, Plaintiff request that each and every Defendant disclose, within fifty (50) days of service of this request, dates that Defendant's Corporate Representative is available for Plaintiff to take Defendant's deposition.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Macrina Flores, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

THE HADI LAW FIRM

By: _____
Husein Hadi
Texas Bar No. 24067641
Jamil Thomas
Texas Bar No. 24066914
Carnegie H. Mims, III
Texas Bar No. 24046448
Sedrick Stagg
Texas Bar No. 24102815
7100 Regency Square Boulevard, Suite 140
Houston, Texas 77036
Telephone: (832) 433-7977
Facsimile: (855) 423-4529
litigation@thehadilawfirm.com
**Attorneys for Plaintiff**

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**

**DATE FILED: May 4, 2019**


# CT Corporation

**Service of Process Transmittal**
05/09/2019
CT Log Number 535433629

| | |
|---|---|
| **TO:** | Kim Lundy Service of Process, Legal Support Supervisor<br>Walmart Inc.<br>702 SW 8th St, MS#0215<br>Bentonville, AR 72716-6209 |
| **RE:** | **Process Served in Texas** |
| **FOR:** | Wal-Mart Stores Texas, LLC  (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Flores Macrina, Pltf. vs. Wal-Mart Stores Texas, LLC, Dft. |
| **DOCUMENT(S) SERVED:** | *  |
| **COURT/AGENCY:** | *, *<br>Case # 201931371 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition - * |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 05/09/2019 at 10:09 |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | By 10:00 a.m. on the Monday next following the expiration of 20 days after service |
| **ATTORNEY(S) / SENDER(S):** | *<br>*<br>*, * * |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 05/13/2019, Expected Purge Date: 05/18/2019<br><br>Image SOP<br><br>Email Notification,  Kim Lundy Service of Process  ctlawsuits@walmartlegal.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201 |
| **TELEPHONE:** | 214-932-3601 |

Page 1 of  1 / MD

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

RECEIPT NUMBER _____ 0.00

TRACKING NUMBER _____ 73621758 CIV

CAUSE NUMBER  201931371

PLAINTIFF: FLORES, MACRINA
vs.
DEFENDANT: WAL-MART STORES TEXAS LLC

In The 133rd
Judicial District Court of
Harris County, Texas

## CITATION CORPORATE

THE STATE OF TEXAS
County of Harris

TO: WAL-MART STORES TEXAS LLC (CORPORATION) MAY BE SERVED THROUGH ITS
REGISTERED AGENT CT CORPORATION SYSTEM
1999 BRYAN ST SUITE 900  DALLAS  TX  75201

Attached is a copy of **PLAINTIFFS' ORIGINAL PETITION WITH REQUEST FOR DISCLOSURES**.

This instrument was filed on the __6th__ day of __May__, 20__19__, in the above cited cause number and court. The instrument attached describes the claim against you.

YOU HAVE BEEN SUED; you may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you.

TO OFFICER SERVING:

This Citation was issued under my hand and seal of said Court, at Houston, Texas, this __7th__ day of __May__, 20__19__.

Issued at request of:
HADI, HUSEIN
7100  REGENCY SQUARE BLVD, STE 140
HOUSTON, TX  77036
TEL: (832) 433-7977
Bar Number: 24067641

MARILYN BURGESS, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
P.O.Box 4651, Houston, Texas 77210

Generated by: HUTCHINSON, MIAEDA A   CCG//11223739

### OFFICER/AUTHORIZED PERSON RETURN

I received this citation on the __8__ day of __May__, 20__19__, at __9__ o'clock __A__.M., endorsed the date of delivery thereon, and executed it at __1999 Bryan Street Suite 900 Dallas Texas 75201__

in __Dallas__ County, Texas on the __9__ day of __May__, 20__19__, at _____ o'clock ___.M.,

by delivering to __Wal-Mart Stores Texas LLC (Corporation)__, by delivering to its __CT Corporation System__, in person, whose name is _____

a true copy of this citation, with a copy of the _____ Petition attached,

and with accompanying copies of _____

I certify that the facts stated in this return are true by my signature below on the __9__ day of __May__, 20____.

FEE: $_____

By: _____
Printed Name: __David Valfer SCH 4688__

_____
Affiant Other Than Officer

As Deputy for: _____

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, 20____.

_____
Notary Public

*73621758*