United States District Court
Southern District of Texas
**ENTERED**
September 21, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT        SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Macrina Flores, | § | |
| Plaintiff, | § § § | |
| versus | § | Civil Action H-19-2037 |
| Wal-Mart Stores Texas, LLC, | § § § | |
| Defendant. | § § | |

## Opinion on Summary Judgment

1. *Background.*

   On December 7, 2017, Macrina Flores was shopping at Wal-Mart in Northeast Houston when she slipped on a plastic hanger and fell in the menswear section, injuring herself.

   Flores sued Wal-Mart Stores Texas, LLC, for premises liability. Wal-Mart has moved for summary judgment saying that Flores has no evidence that Wal-Mart had actual or constructive knowledge of the hanger on the floor.

2. *Premises Liability.*

   To survive a motion for summary judgment on a premises liability claim, Flores must show some evidence that Wal-Mart had actual or constructive knowledge of the dangerous condition. Constructive knowledge may be shown by the condition existing for long enough or being big enough to have been discovered through reasonable inspection.

   Flores says that she stepped on the clothes hanger that was on the floor. Her sister-in-law, Hortencia Alvarado, claims that the Wal-Mart workers who assisted Flores had picked up the hanger and others on the floor after the fall. Alvarado says that she asked them to leave the hangers in place for pictures. She

says that the employees responded that otherwise they would be scolded. Flores offers no evidence from a Wal-Mart worker that they were aware that the hanger had been on the floor before the fall, who was responsible for the hanger being on the floor or how long the hanger had been on the floor.

Flores identifies a case from New York[1], that cited testimony from the local manager that Wal-Mart stores are generally aware of the danger from hangers left on the floor. Inadmissible testimony may not be used to support notice in this case. This is insufficient to show that this Wal-Mart store had notice of this hanger's being on the floor.

Flores insists that Wal-Mart created the condition that led to her injury, yet introduced no evidence in support.

The only evidence Flores has presented is her testimony that the hanger was on the floor. This opinion is insufficient to show that Wal-Mart knew of the dangerous condition.

No evidence supports an essential element of the claim, so it fails.

3.    Conclusion.

Because Macrina Flores cannot show that Wal-Mart knew of the plastic hanger on the floor – actually or constructively – she will take nothing from Wal-Mart Stores Texas, LLC.

Signed on September  21 , 2020, at Houston, Texas.

                                                     Lynn N. Hughes
                                          United States District Judge

---

[1] *Ricci v. Wal-Mart Stores East, LP*, 16 Civ. 6920 (JCM), 2018 WL 4308556 (S.D.N.Y. Sept. 10, 2018).